IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RHETT R. SEARS, RHETT SEARS | ) | Case No. 4:14CV3219 |
| REVOCABLE TRUST, RONALD H. | ) | |
| SEARS, RON H. SEARS TRUST, | ) | Bankruptcy Case No. 10-40277 |
| and DANE SEARS, | ) | Adversary Proceeding No. 12-04034 |
| | ) | |
| Plaintiffs/Appellees, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| KORLEY B. SEARS, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | |

This is an appeal from a final order entered by the United States Bankruptcy Court for the District of Nebraska on September 26, 2014, in an adversary proceeding within the Chapter 11 bankruptcy case of Korley B. Sears ("Appellant," referred to below variously as "Debtor," "Defendant," or "Korley"). The bankruptcy court denied Appellant a discharge under 11 U.S.C. § 727. For the reasons discussed below, the bankruptcy court's order will be affirmed.[1]

*I. Statement of the Case*

On May 9, 2012, Appellees (referred to below variously as "Plaintiffs," "Sears Family Members," or "RR&D"), Rhett R. Sears and Rhett Sears Revocable Trust (collectively, "Rhett"), Ronald H. Sears and Ron H. Sears Trust (collectively, "Ron"), and Dane Sears ("Dane") filed a "complaint to determine discharge" in *In re Korley B. Sears*, Bankruptcy Case No. 10-40277, Adversary Proceeding No. 12-04034.

---

[1]I find that oral argument is not needed because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3).

Appellees sought "a determination that Debtor violated 11 U.S.C. § 727 by failing to disclose any possessory and beneficial interest in a certain 'fiberglass fishing boat' that he allegedly transferred to Jason Good and April Good (collectively, the 'Goods'), but actually retained for his own personal use and benefit and by filing a false claim in the AFY, Inc. bankruptcy proceeding [*In re AFY, Inc.*, Bankruptcy Case No. 10-40875]." (Doc. 1, ¶ 4).[2] Appellees alleged:

    1. The Sears Family Members are creditors of the Debtor in the above-referenced chapter 11 bankruptcy proceeding.

    2. Debtor filed his Voluntary Petition under chapter 11 of the United States Bankruptcy Code on February 2, 2010 ("Petition Date").

    3. The Court has authority to grant the relief requested herein pursuant to Fed. R. Bankr. P. 4004(a) because this Complaint to Determine Discharge has been filed no later than the first date set for the hearing on confirmation, and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 727(a)(2), (4), and (7). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

    * * *

    5. Debtor filed his Statement of Financial Affairs on the Petition Date, claiming in paragraph 10 that he transferred a "fiberglass fishing boat" to the Goods in May of 2009.

    6. In paragraph 14 of Debtor's Statement of Financial Affairs filed on the Petition Date, Debtor failed to list that he held the "fiberglass fishing boat" in his possession.

---

[2] Appellees sold their interests in AFY, Inc. ("AFY"), a company that operated a cattle feedyard, to the corporation and to Appellant in 2007 in exchange for promissory notes from Appellant and a security interest in the shares. In 2010, AFY and Appellant each filed for bankruptcy protection.

7. Debtor also failed to list or describe in his Schedules and Statement of Financial Affairs that he held any beneficial interest in the "fiberglass fishing boat."

8. Pursuant to an Order of this Court requiring Debtor to "reveal[ ] every interest in assets or potential assets," Debtor subsequently filed an Amended Statement of Financial Affairs on or about October 24, 2011, making the same disclosures described above regarding the "fiberglass fishing boat" that he had made previously.

9. On or about January 24, 2012, counsel for the Official Unsecured Creditors' Committee of Korley B. Sears ("Committee") demanded that Debtor bring a preference claim against the Goods for the return of the "fiberglass fishing boat" or its value.

10. Debtor refused to initiate a preference claim against the Goods.

11. Accordingly, the Committee filed a preference and fraudulent transfer action against the Goods on February 2, 2012, the day before the statute of limitation was to expire, after receiving authority from the Court to do so. *See Unsecured Creditors Committee v. Good et al. (In re Korley B. Sears)* Adv. Case No. 12-04009-TLS.

12. The Sears Family Members have learned, from correspondence and communications with the Goods' attorney and the Goods, the following facts:

a. Debtor transferred title to the "fiberglass fishing boat" and trailer to April Good in May of 2009.

b. Even though Debtor transferred title to the boat and trailer to April Good, Debtor retained possession of the boat and trailer for his own enjoyment and use.

c. Debtor did not pay the Goods rent for the use of the boat and trailer.

d. The boat is a twenty-one foot, 2005 Ranger, having material value.

-3-

e. Debtor holds possession of the certificate of title to the boat and trailer.

13. The Goods were business associates and friends of Debtor at the time he transferred the title of the boat and trailer to the Goods.

14. Debtor was having financial difficulties at or around the time he transferred title.

15. Debtor retained the benefits associated with the ownership of the boat after transferring title.

16. By retaining possession of the boat and its certificate of title, but not disclosing the same on his Statement of Financial Affairs or his Amended Statement of Financial Affairs, Debtor fraudulently obtained the benefit of the possession, use, and enjoyment of the boat that he allegedly transferred to his friends, the Goods, thereby perpetuating a fraud upon this Court and his creditors.

17. Debtor's omission of the information in his Schedules and Statement of Financial Affairs and his Amended Schedules and Statement of Financial Affairs has had the effect to hinder, delay, and not permit the Debtor's creditors or parties in interest to review and assess the Debtor's assets, liabilities and financial transactions.

(Doc. 1, ¶¶ 1-3, 5-17).

The complaint to determine discharge contained three counts. First, Appellees claimed Appellant should be denied a discharge under 11 U.S.C. § 727(a)(2) because, in the wording of the statute, "Debtor, with intent to hinder, delay, or defraud the Sears Family Creditors or an officer of Debtor's bankruptcy estate, transferred, removed, destroyed, mutilated, or concealed (a) property of the Debtor, within one year before the date of the filing of the Petition, or (b) property of the Debtor's bankruptcy estate, after the Petition Date." (Doc. 1, ¶ 19). In the second count of the complaint, Appellees claimed Appellant should be denied a discharge under 11 U.S.C. § 727(a)(4)(A) for making a false oath because "Debtor failed to list his possessory

-4-

or beneficial interest in the 'fiberglass fishing boat' in paragraph 14 of his Statement of Financial Affairs or anywhere else in his Statement of Financial Affairs, Schedules, Disclosure Statement, or Amended Disclosure Statement," and "fail[ed] to disclose his interest in, or possession of, the 'fiberglass fishing boat.'" (Doc. 1, ¶¶ 21, 22). It was further alleged that (1) "Debtor's omissions were made in, or in connection with, his bankruptcy proceedings," (2) "were intended to deceive the Sears Family Members and officers of the Debtor's bankruptcy estate," and (3) "are material to his bankruptcy proceedings as each omission relates to the existence of property that should be included in the Debtor's bankruptcy estate." (Doc. 1, ¶¶ 23-25). Finally, Appellees claimed Appellant should be denied a discharge under 11 U.S.C. § 727(a)(4)(B) for making a false claim because "Debtor filed proof of claim no. 26 in the AFY, Inc. bankruptcy proceeding" and "failed to provide any legal basis for filing such proof of claim." (Doc. 1, ¶¶ 27, 28).

On July 11, 2012, Appellant responded to the complaint by filing a "motion to dismiss or strike," asserting, among other things, that:

> 1. The Complaint fails to state a claim for relief for which can be granted. Fed. R. Civ. P. 12(b) made applicable by Fed. R. Bank. ¶ [*sic*] 7012(b).

> 2. Whether RR&D held enforceable claims is an issue in Case No. 12-1305 pending in the United States Court of Appeals for the Eighth Circuit; and this court has no jurisdiction of the Complaint until the Court of Appeals rules.

> 3. This is a Chapter 11 case in which this court has no jurisdiction to grant relief provided for in the Bankruptcy Code (the "Code") under §727. Section 727 applies to Chapter 7 cases only.

> 4. Korley qualifies as a farmer within the meaning of the Code. Under the Code, Korley's Chapter 11 case cannot be converted to a Chapter 7 case unless Korley requests conversion of his Chapter 11 case to a Chapter 7 case. Korley has not requested such conversion.

(Doc. 7).

Appellees filed an objection on July 31, 2012 (Doc. 8), and the bankruptcy denied the motion on August 13, 2012, stating:

> The plaintiffs resist the motion, pointing out that while their proofs of claim against a related debtor [AFY, Inc.] are the subject of an appeal, their proofs of claim in the underlying bankruptcy case have not been objected to, so they may pursue this adversary proceeding in this court. They also explain that confirmation of a liquidating plan – as proposed by both the debtor and the committee of unsecured creditors in this bankruptcy case – "does not discharge a debtor if ... the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title." § 1141(d)(3)(C). Moreover, the plaintiffs assert that, under the Bankruptcy Code and Rules, an objection to discharge is a separate and distinct matter from an objection to confirmation and is subject to different deadlines, so the filing of this adversary complaint was not a premature objection to confirmation.
>
> * * *
>
> Under the standards promulgated by the United States Supreme Court, the allegations in the plaintiffs' complaint are sufficient to withstand the debtor's Rule 12 challenges to the efficacy of the allegations as well as the court's jurisdiction. For the reasons stated in the plaintiffs' objection to the motion, the motion is denied in all respects.

(Doc. 10).

Appellant filed an answer to the complaint on August 22, 2012, in which he admitted "that he transferred title to Goods for a twenty-one foot 2005 Ranger boat that the boat had value," but alleged "that the boat was transferred in payment of his bona fide debt to the Goods." (Doc. 12, ¶ 8). Appellant also admitted "that the Goods were business associates and friends of [his]" and "that he had financial difficulties" (Doc. 12, ¶¶ 9, 10).

-6-

On November 5, 2012, the parties filed a joint preliminary pretrial statement (Doc. 16) which the bankruptcy court declared was "binding upon the parties" in a text order entered November 8, 2012 (Doc. 18). The order also stated that "[s]ince Defendant appears to be raising issues as to jurisdiction, constitutional authority and right to a jury trial, Defendant is ordered to file an appropriate motion to address any or all of such claims, with supporting brief, by February 1, 2013." (Doc. 18).

In the joint preliminary pretrial statement, Appellees' theory of the case was described as follows: "Defendant violated 11 U.S.C. § 727 by failing to disclose a possessory and beneficial interest in a certain 'fiberglass fishing boat' and trailer that he allegedly transferred to April Good, but actually retained for his own personal use and benefit, and by filing a false claim in the AFY, Inc. bankruptcy proceeding." (Doc. 16, ¶ 1.a). The following facts were stated to be uncontroverted:

> i. The Statement of Financial Affairs that Defendant filed on the Petition Date discloses a transfer of a "fiberglass fishing boat" to the Goods in May of 2009.

> ii. Paragraph 14 of such Statement of Financial Affairs does not list that Defendant had any interest in the "fiberglass fishing boat."

> iii. Pursuant to an Order of this Court, Debtor subsequently filed an Amended Statement of Financial Affairs on or about October 24, 2011, making the same disclosures described above regarding the "fiberglass fishing boat" that he had made previously.

> iv. Defendant refused to initiate a preference claim against the Goods when requested to do so by counsel for Plaintiffs.

> v. Defendant filed Proof of Claim No. 26 in the AFY, Inc. bankruptcy case.

(Doc. 16, ¶ 2)

In the preliminary pretrial statement, Debtor asserted numerous defenses, five of which were subsequently incorporated into a "motion concerning jurisdictional, constitutional, and jury trial defenses" that Debtor filed on January 22, 2013 (Doc. 19):

> b.1. Korley qualifies as a "farmer" under the bankruptcy code; the bankruptcy code bars conversion of Korley's Chapter 11 case to a Chapter 7 case unless Korley requests such conversion; Korley does not request such conversion; and the bar against conversion of Korley's Chapter 11 case to a Chapter 7 case, which Korley has not requested, bars all relief under Chapter 7, including the use of §727 to prevent confirmation of Korley's Chapter 11 plan.

> b.2. This is not a core matter to the extent Plaintiffs seek a decision that Korley made a transfer that was a fraudulent transfer under common law, State law, or federal law replicating common law or State law; the bankruptcy court is not authorized by the United States Constitution to decide that issue; and Korley does not consent to any final order by the bankruptcy court that is in violation of Article III of the United States Constitution.

> b.3. Korley hereby claims, stands on, and does not waive his rights under the United States Constitution to due process of law. Korley does not consent to any order by the bankruptcy court or by the district court that violates his rights to due process of law under the United States Constitution. Whether or not required by due process of law, Korley demands a trial with live witnesses at which the evidence is governed by the Federal Rules of Evidence and the use of depositions is governed by the Federal Rules of Civil Procedure. Korley objects to the use of affidavit and other hearsay evidence at the trial.

> b.4. Korley hereby claims, stands on, and does not waive his rights, if any, under the United States Constitution to a trial by jury in district court. Korley does not consent to any order by the bankruptcy court or by the district court that violates his rights under the United States Constitution to a jury trial on all issues triable to a jury. Korley does not consent to a jury trial before the bankruptcy court.

b.5. Only the Eighth Circuit Court of Appeals currently has subject matter jurisdiction to determine whether Plaintiffs have allowable claims against Korley's estate. The issue whether Plaintiffs have allowable claims against Korley or Korley's property is involved in the two appeals before the Eighth Circuit Court of Appeals in Case No. 12-1305 and Case No. 11-2282. Until those appeals are decided, the bankruptcy court has no subject matter jurisdiction to decide whether Plaintiffs have allowable claims against Korley's estate.

(Doc. 16, ¶ 1.b.)

Appellees filed an objection on February 12, 2013 (Doc. 21), and, on March 5, 2012, the bankruptcy court entered a text order denying the motion (Doc 24). The court noted in its written opinion that it had "previously denied a motion to dismiss filed by Defendant, which concerned many of the same issues as the pending motion," and then explained its reasons for denying Appellant's motion:

In paragraph I of the motion, Defendant asserts that Plaintiffs "do not have standing and the bankruptcy court does not have subject matter jurisdiction to convert Korley's Chapter 11 case to a Chapter 7 case or to obtain relief against Korley available in Chapter 7 of the Bankruptcy Code . ..." The complaint seeks denial of a Chapter 11 discharge; it does not seek to convert the Chapter 11 to a Chapter 7 case. Therefore, Defendant's defense based on conversion is denied.

Defendant also seems to believe that because he is a "farmer," he is immune to any relief available in Chapter 7 of the Bankruptcy Code. However, as Plaintiffs aptly point out in their objection, § 1141(d)(3) of the Bankruptcy Code expressly provides that a Chapter 11 debtor may, under certain circumstances, be denied a discharge in Chapter 11 if the debtor would be denied a discharge under § 727(a) of the Bankruptcy Code. There is no exception to the applicability of 11 U.S.C. § 1141(d)(3) to farmers. Therefore, this defense must be denied.

In paragraph II of Defendant's motion, he asserts that the Eighth Circuit Court of Appeals has exclusive jurisdiction to determine whether Plaintiffs' claims have been discharged. However, Defendant overlooks

the fact that the case in front of the Court of Appeals involves a proof of claim filed by Plaintiffs in a different bankruptcy case (the case of AFY, Inc.) and that both the bankruptcy court and the Bankruptcy Appellate Panel had ruled in favor of Plaintiffs on their claim. Further, Defendant has not objected to the claim filed by Plaintiffs in Defendant's underlying bankruptcy case. Accordingly, this defense is overruled.

In paragraph III of the motion, Defendant asserts that this court lacks the constitutional authority to determine fraudulent transfer issues. Through this defense, Defendant mischaracterizes Plaintiffs' complaint. Quite clearly, Plaintiffs' complaint is to deny Defendant a discharge for various reasons set forth in 11 U.S.C. § 727(a). This case does not include a cause of action to recover a fraudulent transfer. The complaint at issue deals with dischargeability, which is clearly within the court's jurisdiction and constitutional authority as a core bankruptcy issue. 28 U.S.C. § 157(b)(2)(J).

In paragraph IV, Defendant asserts that due process requires a trial before an Article III tribunal. In paragraph V, Defendant asserts a right to a jury trial in front of an Article III court. Defendant again seems to be mischaracterizing Plaintiffs' complaint as an action for recovery of a fraudulent transfer. It is not. It is a complaint to deny Defendant a discharge. Actions to determine whether a discharge should be granted are core proceedings. 28 U.S.C. § 157(b)(2)(J). There is no right to a jury trial in such actions because they are equitable in nature. *Am. Express Travel Related Serv. Co., Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1124 (9th Cir. 1996) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), for Seventh Amendment applicability to legal and equitable actions); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496, 1502-08 (7th Cir. 1991) (stating "The Seventh Amendment confers no right to a jury trial on a debtor ... who files voluntarily for bankruptcy and is a defendant in [a non-dischargeability] adversary proceeding."). A dischargeability proceeding is an essentially equitable action, and there is no right to a jury trial pursuant to 28 U.S.C. § 157. A debtor who voluntarily files a petition in bankruptcy waives his or her right to a jury trial on disputes that are vital to the bankruptcy process and the adjustment of the debtor-creditor relationship.

Defendant voluntarily filed his petition in bankruptcy and thereby waived his right to a jury trial on disputes that are vital to the bankruptcy process and the adjustment of the debtor-creditor relationship. Thus, Defendant's due process defense is denied and Defendant's request for a jury trial is denied.

(Doc. 23).

On December 20, 2013, the parties filed another joint preliminary pretrial statement (Doc. 34). This document is substantially similar to the November 5, 2012 statement, but, among other differences, it does not contain the "appellate jurisdiction" defense that was raised in paragraph 1.b.5 of the first pretrial statement and paragraph II of his January 22, 2013 motion, presumably because the appeals to the Eighth Circuit that are referenced in those paragraphs were concluded. (*See* Doc. 664 & 665 filed on November 22, 2013, in *In re AFY, Inc.*, Bankruptcy Case No. 10-40875).

Also on December 20, 2013, Appellant filed a motion requesting that the reference of the adversary proceeding to the bankruptcy court be withdrawn, claiming that "the bankruptcy court lacks constitutional authority to enter a final judgment on the issue of whether [Appellant] made a pre-petition transfer of his property with the intent to hinder, delay, or defraud and on related issues." (Doc. 35). Appellees filed an objection on January 10, 2014 (Doc. 41). On January 14, 2014, the bankruptcy court denied Debtor's motion for withdrawal of reference in a text order, stating that "Debtor/defendant has already raised these issues and this court has already decided them." (Doc. 42).

On February 19, 2014, Appellant filed a motion for reconsideration, arguing that only the district court has the authority to deny a motion for withdrawal of reference (Doc. 45). On February 21, 2014, the bankruptcy court granted Appellant's motion for reconsideration (Doc. 47) and submitted a report and recommendation to the district court, recommending that the motion for withdrawal of reference be denied and that Appellant and his attorney be sanctioned for filing frivolous pleadings (Doc.

48). On March 7, 2014, the district court adopted the report and recommendation, denied the motion for withdrawal of reference, and awarded counsel for Appellees attorney fees from Appellant's counsel as a sanction.

On March 31, 2014, Appellees filed a motion for summary judgment (Doc. 54) and supporting brief (Doc. 56). Appellant filed an opposing brief on April 21, 2014 (Doc. 86). The bankruptcy court denied the motion for summary judgment on April 23, 2014, finding that "the debtor has raised genuine issues of material fact, particularly with regard to his intent." (Doc. 89).

The trial was held on September 25, 2014, at the conclusion of which the bankruptcy court entered an oral order on the record denying Appellant's discharge under 11 U.S.C. §§ 727(a)(2) & 727(a)(4)  (Doc. 156, 167 (trial transcript at pp. 158-165)). Judgment was formally entered the next day (Doc. 157).

Appellant filed a notice of appeal to the district court on October 9, 2014 (Doc. 158, 160). The issues on appeal include the following:

1. Whether the bankruptcy court erred in concluding that it retained subject matter jurisdiction over the adversary proceeding while an appeal was pending in Appellant's bankruptcy case regarding the validity of Appellees' claims.

2. Whether the bankruptcy court erred in concluding that 11 U.S.C. § 727 is applicable to a farmer in a Chapter 11 case pursuant to 11 U.S.C. § 1141(d)(3)(C).

3. Whether the bankruptcy court erred by denying Appellant a discharge under 11 U.S.C. § 727(a)(2) for transferring title to, or concealing his interest in, the boat.

4. Whether the bankruptcy court erred by denying Appellant a discharge under 11 U.S.C. § 727(a)(4) for making a false oath by failing to disclose his beneficial or possessory interest in the boat in his bankruptcy schedules.

## II. Discussion

The bankruptcy court's factual findings are reviewed for clear error and its conclusions of law are reviewed de novo. *In re M & S Grading, Inc.*, 526 F.3d 363, 367 (8th Cir. 2008). "A bankruptcy court's determination as to whether a party had standing to bring the adversary proceeding objecting to a debtor's discharge is a question of law subject to de novo review." *Korte v. United States (In re Korte)*, 262 B.R. 464, 470 (B.A.P. 8th Cir. 2001). A bankruptcy court's determination as to whether it had subject matter jurisdiction over the adversary complaint likewise is reviewed de novo. *In re Farmland Industries, Inc.*, 567 F.3d 1010, 1016 (8th Cir. 2009). "A bankruptcy court's determination that a debtor concealed or transferred assets with an intent to hinder or defraud his creditors under § 727(a)(2)(A) is reviewed for clear error on appeal, as is the bankruptcy court's determination that a debtor knowingly and fraudulently made a false oath or account under § 727(a)(4)(A)." *Korte*, 262 B.R. at 470.

### A. Subject Matter Jurisdiction

In Appellant's bankruptcy case, the bankruptcy court entered an order on August 28, 2014, which granted Appellees' motion for summary judgment and allowed their claims (Doc. 403, 405, *In re Korley B. Sears*, Bankruptcy Case No. 10-40277). Appellant appealed the bankruptcy court's judgment to the district court on September 11, 2014 (Doc. 411, *In re Korley B. Sears*, Bankruptcy Case No. 10-40277),[3] two weeks before the trial in the adversary proceeding. Appellant claims that the appeal divested by bankruptcy court of subject matter jurisdiction to decide whether Appellees had enforceable claims against him.

---

[3] The bankruptcy court's judgment was affirmed by the district court on August 25, 2015 (Doc. 434, *In re Korley B. Sears*, Bankruptcy Case No. 10-40277).

Appellant's counsel raised this "technical objection" in his closing argument at trial, but the bankruptcy court explained that it was not ruling on whether or not Appellees were creditors with valid claims—it had already ruled on that issue in the bankruptcy case. The judge concluded: "I am not prohibited from proceeding with this case, which is a dischargeability action, just because you appealed an order in a proof of claim proceeding. That's ridiculous." (Doc. 167 (trial transcript at pp. 148:24-151:4).

This court agrees with the bankruptcy court's ruling on this question of law. The filing of the notice of appeal in Appellant's Chapter 11 case did not affect the adversary proceeding.

> The taking of an appeal transfers jurisdiction from the bankruptcy court to the appellate court *with regard to any matters involved in the appeal* and divests the bankruptcy court of jurisdiction to proceed with such matters. ...
>
> However, the bankruptcy court loses jurisdiction only as to the questions raised and decided in the specific order appealed from; the bankruptcy court's jurisdiction over other matters relating to the case is not impaired.

5B Fed. Proc. L.Ed. Bankruptcy § 9:1850 (emphasis supplied); *see, e.g., In re Hook,* 2008 WL 4296919, at *3-4 (D.Colo. 2008) (bankruptcy court could determine issues in adversary proceeding that were not addressed by orders entered in Chapter 11 case which were the subject of an appeal).

Appellees were not required to prove the validity of their claims in order to have standing to object to Appellant's discharge. Section 727(c)(1) of the Bankruptcy Code states that "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section ." 11 U.S.C. § 727(c)(1). A "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A

-14-

"claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A) (emphasis supplied).

"Thus, it is clear that the fact that a proof of claim is challenged and the claim is disputed would not detract from the status of an entity as a creditor until the claim is ultimately disallowed." *In re James*, 166 B.R. 181, 183 (Bkrtcy.M.D.Fla. 1994). "Consequently, a creditor possessing a claim (even a disputed claim or a claim that has been objected to) has standing to bring an adversary proceeding objecting to discharge, until such time as the claim is disallowed." *In re Maier*, 498 B.R. 340, 344 (Bkrtcy.M.D.Fla. 2013).

### B. Applicability of Section 727

Appellant argues that "[t]he combination of the objections to discharge filed by Rhett, Ron and Dane and the liquidation plan [they filed in the bankruptcy case] are a de facto conversion of a Chapter 11 case of a farmer to a Chapter 7 case, without [Appellant's] consent, in violation of [11 U.S.C.] § 1112(c)." (Filing No. 5 at CM/ECF p. 35). Unsurprisingly, no legal authority is cited for this proposition.

Section 1141(d)(3) of the Bankruptcy Code expressly provides that a debtor may be denied a discharge under Chapter 11 if "the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title." 11 U.S.C. § 1141(d)(3). As this court has previously held, "[t]his does not mean that applying § 727 in a Chapter 11 proceeding 'converts' the entire proceeding to Chapter 7. It simply means that Chapter 11 borrows a Chapter 7 provision as part of the criteria for determining whether debts are discharged *under* Chapter 11." *Sears v. Sears*, No. 4:14CV3041, 2014 WL 905656, at *2 (D.Neb. Mar. 7, 2014) (emphasis in original). "Moreover, Congress envisioned that creditors would propose liquidation plans in chapter 11 proceedings but did not except farmer-debtors from such plans." *Matter of Button Hook Cattle Co., Inc.*, 747 F.2d 483, 486 (8th Cir. 1984).

-15-

### C. Denial of Discharge for Transfer or Concealment of Property

Section 727(a)(2)(A) of the Bankruptcy Code provides that "[t]he court shall grant the debtor a discharge, unless ... the debtor, with intent to hinder, delay, or defraud a creditor ..., has transferred, removed, destroyed, mutilated, or concealed ... property of the debtor, within one year before the date of the filing of the petition[.]" 11 U.S.C. § 727(a)(2)(A). Thus, in order to prevail under § 727(a)(2), Appellees must prove (1) "that the debtor's actions took place within twelve months prior to filing; [(2)]that the debtor took the actions with the intent to hinder, delay or defraud creditors; and [(3)]that the actions complained of in fact consisted of transferring or concealing property." *Gergen-Running v. Grimlie (In re Grimlie)*, 439 B.R. 710, 716 (8th Cir. B.A.P. 2010). Each of these elements is satisfied here.

First, Appellant transferred the boat title to April Good in May 2009, allegedly for the cancellation of an $18,000 debt, but retained possession of the boat. The transfer of title, and the alleged concealment of Appellant's continuing possessory and beneficial interest in the boat, all occurred within one year before February 2, 2010, the date the petition in bankruptcy was filed.

Second, the evidence supports the bankruptcy court's finding that Appellant transferred the boat title with the intent to defraud creditors. The bankruptcy judge explained that the evidence showed Appellant's only reason for transferring title to the boat, while retaining possession, was to protect this asset from his creditors:

> After having—my assessment after listening to the witnesses, observing the witnesses is that the transfer—that Mr. Good (sic) transferred the title to the boat with the—and kept possession or the use of the boat.
>
> The Goods never had it, and as near as I can tell, never expected to get it. It's four and a half years later, Mr. Sears still has it. Whether he'll acknowledge that he has it or not, it's at his mother's house in her garage. Certainly the Goods don't have it, Mr. Good has it—Mr. Sears has it.

-16-

The transfer was done when his finances were in turmoil, he admitted that. He was struggling with his creditors. It was done at the same time he was getting advice from an attorney on how to protect a new business venture from other creditors—or from creditors, I should say.

Based on all the evidence I heard, the boat was transferred to Mrs. Good solely to protect it from creditors. I find that Mr. Sears' testimony to the contrary was not credit. [*sic*]

(Doc. 167 (trial transcript at 161:25-162:18)).

"Intent can be established by circumstantial evidence, and statements made with reckless indifference to the truth are regarded as intentionally false." *Korte*, 262 B.R. at 474 (internal quotes an citations omitted). "The question of a debtor's knowledge and intent under § 727(a)(4) is a matter of fact." *Id.* (internal quotes an citations omitted). "Proving the requisite actual intent with direct evidence is difficult." *Id.* at 472. "Thus, such actual intent may be 'inferred from the facts and circumstances of the debtor's conduct.'" *Id.* at 473 (quoting *Fox v. Schmit (In re Schmit)*, 71 B.R. 587, 590, 591 (Bankr.D.Minn. 1987)).

The following factors are considered in determining whether a debtor acted with intent to hinder, delay, or defraud:

(1) lack or inadequacy of consideration; (2) family, friendship or other close relationship between the transferor and transferee; (3) retention of possession, benefit or use of the property in question; (4) financial condition of the transferor prior to and after the transaction; (5) conveyance of all the debtor's property; (6) secrecy of the conveyance; (7) existence of trust or trust relationship; (8) existence of cumulative effect of pattern or series of transactions or course of conduct after the pendency of threat of suit; (9) instrument affecting the transfer suspiciously states it is bona fide; (10) a voluntary gift from the debtor to family; and (11) general chronology of events and transactions under inquiry.

-17-

*Caterpillar Fin. Serv. Corp. v. White (In re White)*, Case No. 13-4010, 2014 WL 555212 at *5 (Bankr. Neb. February 12, 2014) (citing *MWI Veterinary Supply Co. v. Rodgers (In re Rodgers)*, 315 B.R. 522, 531 (Bankr. D.N.D. 2004)). An examination of the evidence reveals that most of these factors are present in this case, which is a strong indication of fraudulent intent. *See Cullen Center Bank & Trust v. Lightfoot*, 152 B.R. 141, 148 (Bankr. S.D. Tex. 1993) ("While just one of these factors is sufficient to find fraudulent intent, the accumulation of several factors indicates strongly that debtor possessed the requisite intent.").

In terms of the consideration Appellant received for the title transfer, neither Jason Good nor Appellant provided any credible evidence of the Appellant's purported debt in connection with a start-up business. Appellant admits that there was no written agreement between himself and Mr. Good regarding the business.[4] Moreover, even if Appellant's statement that he estimated his indebtedness associated with the business was $18,000 was believable, he did not transfer the Boat to Jason Good. Rather, he transferred the Boat to April Good, who Jason Good stated had no interest in the business. Appellant admitted that the Goods were his friends, and he indisputably retained possession, benefit, and use of the boat after the purported transfer. Appellant did not pay the Goods rent for his use of the boat. Appellant also

---

[4] Appellant has failed to establish that the purported $18,000 claim was a bona fide debt that he owed the Goods at the time of the May 2009 title transfer. *See, e.g., Nelson v. Peters (In re Peters)*, 106 B.R. 1, 5 (Bankr. D. Mass. 1989) (denying debtor a discharge under § 727(a)(2) based in part on debtor's lack of any records or bills substantiating the purported debt that allegedly provided consideration for transfer of vehicle). Unless the Goods held a valid and enforceable claim against Appellant, the transfer of the boat's title is simply a transfer for no consideration to the Goods, in other words, a gratuitous transfer, in which event, the burden regarding Appellant's intent shifts to Appellant. "There is a presumption of fraud in § 727(a)(2) cases when a debtor transfers valuable property without payment." *White*, 2014 WL 555212 at *3 (citing *Cadlerock Joint Venture II, L.P. v. Sandiford (In re Sandiford)*, 394 B.R. 487, 490 (B.A.P. 8th Cir. 2008)). "Once a gratuitous transfer is shown, the burden shifts to the debtor to prove that his intent was not to hinder, delay, or defraud his creditors through the transfer." *Id.* (quoting *Sandiford*, 394 B.R. at 490).

admitted he was having financial difficulties and was worried about his creditors coming after him. In fact, approximately two months after he transferred title to the boat, Appellant failed to make payments to Appellees required under certain promissory notes. Apart from the boat, Appellant did not possess any significant non-exempt, unencumbered property. Appellant did not disclose his possessory interest in the boat in his statement of financial affairs or amended statement of financial affairs. Appellant and Jason Good clearly trusted one another at the time of the purported transfer, as they were business partners and friends, and a letter from an attorney to Appellant and Jason Good indicates that Appellant was thinking about how to protect his assets from creditors at the time of the purported transfer. Finally, not only does the bill of sale suspiciously state that it is a bona fide transfer, but Appellant's bankruptcy schedules also allege that such transfer was bona fide.

Third, Appellant's conduct constitutes concealment under § 727(a)(2).[5] "Asset concealment 'is typically found to exist where the interest of the debtor in property is not apparent but where actual or beneficial enjoyment of that property continued.'" *Korte*, 262 B.R. at 472 (quoting *Kaler v. Craig (In re Craig)*, 195 B.R. 443, 449 (Bankr.D.N.D. 1996)). "A concealment is accomplished by a transfer of title coupled with the retention of the benefits of ownership." *FDIC v. Sullivan (In re Sullivan)*, 204 B.R. 919, 939 (Bankr. N.D. Tex. 1997) (internal quotes and citation omitted). "A concealment ... 'need not to be literally concealed. The transfer of title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute concealment.'" *Id.* (quoting *Friedell v. Kauffman (In re Kauffman)*, 675 F.2d 127, 128 (7th Cir. 1981)); *see also Lightfoot*, 152 B.R. at 147 ("It is not the secrecy of the transfer but the retained beneficial interest that constitutes concealment.").

_____

[5] While Appellant argues that the bankruptcy court's finding that he transferred title the boat with the intent to defraud creditors "goes beyond the pleadings" because Appellees only complained about the concealment of Appellant's possessory and beneficial interest in the boat following the transfer of title, the bankruptcy court's finding is entirely consistent with Appellees' theory of the case.

-19-

Appellant contends he cannot be denied a discharge under § 727(a)(2) because he did not retain a property interest in the boat, but such an argument has consistently been rejected by the courts.  For example, in *Coady v. D.A.N. Joint Venture III, L.P. (In re Coady)*, 588 F.3d 1312 (11th Cir. 2009), the bankruptcy court had denied the debtor a discharge pursuant to § 727(a)(2)(A) based on the debtor concealing an equitable interest that he had in his wife's businesses. The evidence demonstrated that although the debtor did not share legal ownership of the businesses, he worked for the businesses for over ten years as an uncompensated independent contractor and wrote checks in his wife's name on the businesses' accounts to pay personal expenses. On appeal, the debtor argued that an equitable interest in his wife's businesses could not constitute "property of the debtor" within the meaning of § 727(a)(2)(A). The Eleventh Circuit rejected this argument, stating that "[t]he bankruptcy estate ... broadly includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" 588 F.3d at 1316 (quoting 11 U.S.C. § 541(a)(1)); *see also United States Trustee v. Garland (In re Garland)*, 417 B.R. 805, 816 (10th Cir. B.A.P. 2009) ("[B]ankruptcy courts have determined that, despite an unqualified transfer of legal title, debtors who retain beneficial use of the property and treat it as their own continue to hold a beneficial interest that must be disclosed." ).[6]

### D. Denial of Discharge for False Oath

Section 727(a)(4)(A) of the Bankruptcy Code permits the bankruptcy court to deny a discharge to a debtor who "knowingly and fraudulently, in or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To establish that Appellant made a false oath under § 727(a)(4)(A), Appellees were required to prove that "(1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent

---

[6] To the extent state law bears upon this issue, Nebraska's Uniform Property Act broadly defines "property" as "one or more interests either legal or equitable, possessory or nonpossessory, present or future, in land, or in things other than land ...." Neb. Rev. Stat. § 76-101(a).

intent; and (5) the statement related materially to the Debtor's bankruptcy case."
*Lincoln Sav. Bank v. Freese (In re Freese)*, 460 B.R. 733, 738 (8th Cir. BAP 2011)
(quoting *In re Juehring*, 332 B.R. 587, 591 (Bankr.N.D. Iowa 2005). Appellees
succeeded in proving each of these required elements.

In concluding that Appellant made a false oath, the bankruptcy court made the
following additional findings of fact:

> The boat transaction involved Mr. Sears' only asset, only
> substantial asset that was available for creditors, at least that's the
> evidence that was presented today.

> Therefore, because it was his only material asset, it was material
> to this case. He tried to hide it, he tried to hide it in plain sight, though.
> Because as Mr. Strasheim [Appellant's attorney] has pointed out, he did
> disclose the transfer on his schedules alleging that it was in exchange for
> cancellation of a debt; I don't believe that. Mr. Good certainly didn't say
> it. I listened to Mr. Good's testimony. I was waiting for him to say that
> I received the boat in exchange for cancellation of an indebtedness; I
> didn't hear it.

> Mr. Sears also had several opportunities to fix the lack of
> disclosure on the—under 522(a)(4) [*sic*], one of the other alternatives
> besides the false claim issue is the making a false oath or account. And
> as Mr. Koenig [Appellees' attorney] pointed out, we gave him the
> opportunity to fix the false oath or account. The false oath was simply
> you're supposed to list the property you're holding for another. The
> entire testimony was "I was holding that boat for them," and you didn't
> list it on your schedules.

(Doc. 167 (trial transcript at 164:3-23)).[7]

---

[7] The bankruptcy court also stated that the claim Appellant filed in AFY's
bankruptcy case "probably does qualify as a false claim, and borders on being
frivolous. But that's not may basis for denying the discharge, it's the boat
transaction." (Doc. 167 (trial transcript at 163:25-164:2)).

A debtor's disclosures on his statement of financial affairs and schedules have the force and effect of an oath under federal law. *See Korte*, 262 B.R. at 474.When filing for bankruptcy, a petitioning debtor is required to disclose, in writing, his debts, his assets, his income and expenses, and numerous other aspects of his financial history and condition. *See* 11 U.S.C. § 521(a)(1). "As § 727(a)(4)(A) makes clear, '[t]he Code requires nothing less than a full and complete disclosure of any and all apparent interests of any kind.'" *Korte*, 262 B.R. at 474 (quoting *Fokkena v. Tripp (In re Tripp)*, 224 B.R. 95, 98 (Bankr.N.D.Iowa 1998)). Section 541(a) broadly defines the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Paragraph 14 in Appellant's statement and amended statement of financial affairs required him to "list all property owned by another person that the debtor holds or controls." Appellant admits he did not list the fiberglass fishing boat in response to Paragraph 14, either his original statement on in his amended statement that was filed after the bankruptcy court admonished him to reveal every interest in assets or potential assets. Appellant obviously knew he that he retained possession of the boat, and evidence of his fraudulent intent has already been discussed.

Finally, Appellant's failure to disclose the boat on his bankruptcy schedules relates "materially" to Appellant's bankruptcy case. "The threshold to materiality is fairly low: 'The subject matter of a false oath is "material," and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'" *Sears*, 246 B.R. at 347 (quoting *Chalik*, 748 F.2d at 618). "The value of omitted assets is relevant to materiality, but materiality will not turn on value." *Id.* (citing *Olson*, 916 F.2d at 484). "An omission of a relatively modest asset will merit denial of discharge, if done with knowledge and fraudulent intent." *In re Charles*, 474 B.R. 680, 686 (8th Cir. B.A.P. 2012) (quoting *Sears*, 246 B.R. at 347).

*III. Conclusion*

The bankruptcy court had subject matter jurisdiction, and Appellant's status as a farmer does not preclude the denial of a discharge under 11 U.S.C. § 727. The findings of fact made by the bankruptcy court are not clearly erroneous, and the court's ruling that Appellant is not entitled to a discharge under subsections (a)(2) and (a)(4) of Section 727 is fully supported by the evidence of record.

Accordingly,

IT IS ORDERED that the final order of the bankruptcy court entered on September 26, 2014, sustaining Appellees' objections to Appellant's discharge, is affirmed. Judgment shall be entered by separate document.

DATED this 21st day of September, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.